# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09cv444-RJC

| | |
|---|---|
| **SPRINGS GLOBAL US, INC.** as an assignee of **SPRINGS INDUSTRIES, INC.,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**MANAMA TEXTILES,** )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on plaintiff's Motion for Entry of Default Judgment and Motion for Order Compelling Arbitration (Doc. No. 8). For the reasons explained below, plaintiff's motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Springs Global US, INC. filed a petition to compel arbitration on October 16, 2009. (Doc. No. 1). The Clerk entered default on December 17, 2009. (Doc. No. 7). Plaintiff then filed the instant motion for Default Judgment.

## II. DISCUSSION

"To obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a)." Hayhurst v. Liberty Int'l Underwriters, No. 5:08cv5347, 2009 U.S. Dist. LEXIS 5347, at *2 (N.D. W. Va. Jan. 29, 2009); see Eagle Fire, Inc. v. Eagle Integrated Controls, Inc., No. 3:06cv264, 2006 U.S. Dist. LEXIS 41054, at *14 (E.D. Va. June 20, 2006) ("The entry of default is a procedural prerequisite to the entry of a default judgment."). Rule 55(a) states that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has

failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After the clerk enters default, the party may seek a default judgment under Rule 55(b)(1) or (2), depending on the nature of the relief sought. Rule 55(b) "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

It appears to the Court that a Petition to Compel Arbitration was filed and Summons issued in this action on October 19, 2009, and that the Summons together with a copy of the Petition to Compel Arbitration was served on the Respondent on October 22, 2009; and

It further appears to the Court that no answer or other pleading has been filed and the time prescribed for such filing has expired, that Respondent is neither an infant nor an incompetent person, and that default has been duly entered according to law; and

It further appears to the Court that the facts stated and arguments made in Petitioner's Petition to Compel Arbitration filed in the case support entry of an order compelling Respondent to cease litigation of the dispute between the parties and to proceed with arbitration of that dispute in Charlotte, North Carolina, in accordance with the contract between the parties; and

It further appears that the Petitioner is entitled to judgment against the Respondent as prayed for, as evidenced and supported by the Petition to Compel Arbitration filed in the case.

### III. CONCLUSION

Defendant has not appeared in this action and has failed to defend the motion, and the Court finds default judgment appropriate under Rule 55(b)(2).

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Motion for Default Judgment (Doc. No. 8) is **GRANTED**; and

2. Plaintiff's Motion to Compel Arbitration (Doc. No. 8) is **GRANTED**, and the

Respondent shall cease litigation of the dispute between the parties and proceed with arbitration of that dispute in Charlotte, North Carolina, in accordance with the contract between the parties.

**SO ORDERED**.

Signed: January 13, 2010

Robert J. Conrad, Jr.
Chief United States District Judge